## Case No. 17,350.

### In re WEEKS.

[2 Biss. 259; [1] 14 N. B. R. 364 (Quarto, 116).]

District Court, N. D. Illinois. March Term, 1870.

BANKRUPTCY — EXECUTION LIEN — JUDGMENT BY CONFESSION.

1. An execution in the hands of the sheriff being by the laws of the state of Illinois a lien upon all the personal property of the defendant within the county, for the space of ninety days, if a petition in bankruptcy is filed during that time, the lien is transferred to the property in the hands of the assignee, and the execution must be paid in full out of the proceeds.

[Cited, but not followed, in Re Tills, Case No. 14,052. Cited in Re Paine, Id. 10,673; Re Stockwell, Id. 13,464.]

[See Bartlett v. Russell, Case No. 1,080.]

2. The fact that the judgment was entered upon a warrant of attorney does not invalidate the lien if the creditor did not know of the failing circumstances of the debtor, and if it was not entered up "in contemplation of bankruptcy or insolvency."

3. A direction by the execution creditor to the sheriff "to hold the execution, but not to levy for a few days, or until further orders," does not impair the lien.

[Cited in Crane v. Penny, 2 Fed. 190.]

On the 25th of October, 1869, Eldridge recovered a judgment in the superior court of Chicago, against Charles R. Weeks, upon which an execution was on the same day duly issued and delivered to the sheriff of Cook county. The judgment was entered upon a warrant of attorney, but Eldridge did not

[2] [From 13 N. B. R. 263.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

know that Weeks was in failing circumstances, nor was there any question that the warrant was given or judgment entered "in contemplation of bankruptcy or insolvency." Weeks was at the time the owner of and in possession of a stock of goods.

On the 11th of November following, Weeks filed his petition in bankruptcy, was duly adjudged a bankrupt, and the stock of goods passed into the hands of the assignee, and was sold by him. The sheriff had made a demand of Weeks upon his execution, and, upon his promise to pay, Eldridge had directed the sheriff "to hold the execution, and not to levy for a few days, or until further orders." No levy was ever made.

At the first meeting of creditors, December 10, Eldridge proved his debt as a secured claim, according to form No. 21, setting up his judgment and execution, and the lien thereby acquired under the law of Illinois.

Eldridge then filed a petition in the bankrupt proceedings setting up the above facts, claiming a lien under his execution, and asking to be paid in full out of the funds in the hands of the assignee.

Robert E. Jenkins, for Eldridge, presented the following points and authorities: By the judgment and execution, and placing the execution in the sheriff's hands, Eldridge acquired a lien on all the personal property of the bankrupt in the county, from the time it came into the hands of the sheriff (October 25th, 1869), for the space of ninety days. Gross' St. Ill. p. 375, § 8; Marshall v. Cunningham, 13 Ill. 20; Garner v. Willis, Breese, 290; Rogers v. Dickey, 1 Gilman, 636; Leach v. Pine, 41 Ill. 65. The failure to levy did not impair the lien. The property passed into the court in bankruptcy, subject to it, and Eldridge certainly has the right to pursue his lien in bankruptcy. The bankrupt act gives the court in bankruptcy jurisdiction to ascertain and liquidate all liens. See 1st section of bankrupt act of March 1, 1867 [14 Stat. 517]. By proving up his debt within the life of his writ, his lien was transferred to the funds in the hands of the assignee. This execution is a final process. The lien was not secured with a view to obtain a preference, but, on the contrary, was taken in good faith. See opinion of Drummond, J., in Re Joslyn [Case No. 7,550].

J. E. Lockwood, assignee and attorney pro se, presented the following: The execution returned "Not levied," is functus officio, and is no lien after such return. Garner v. Willis, Breese, 290; Phillips v. Dana, 3 Scam. 551; Watrous v. Lathrop, 4 Sandf. 700. If a judgment creditor enter into an agreement to stay his execution, it becomes dormant as to other parties, and he loses any lien made by a levy under it. Ross v. Weber, 26 Ill. 221; Storms v. Woods, 11 Johns. 110; Kellogg v. Griffin, 17 Johns. 274; Ball v. Shell, 21 Wend. 222.

R. E. Jenkins, for Eldridge, in reply, presented the following, upon the question raised by the assignee that Eldridge lost his lien by his direction to the sheriff "to hold the execution, but not to levy for a few days, or until further orders:" Notwithstanding this direction, this execution would still be a good lien, even as against other execution creditors. Houston v. Sutton, 3 Har. (Del.) 37; Caldwell v. Fifield, 4 Zab. [24 N. J. Law] 150; Sterling v. Van Cleve, 7 Halst. [12 N. J. Law] 285; James v. Burnet, Spencer [19 N. J. Law] 635; Doty v. Turner, 8 Johns. 20; Smith's Appeal, 2 Barr [2 Pa. St.] 331; Leach v. Williams, 8 Ala. 759. But this is not a question as between execution creditors. Weeks could not avoid this execution were he not in bankruptcy. Neither can his assignee, for liens good against the bankrupt are good against his assignees voluntarily, or others with notice, and "against assignees in bankruptcy, who are treated as volunteers." Fletcher v. Morey [Case No. 4,864]; Mitchell v. Winslow [Id. 9,673]; Talbert v. Melton, 9 Smedes & M. 9; and cited Payne v. Billingham, 10 Iowa, 360, upon the point that this execution was good between the parties, deeming the question too well settled to require further authorities.

BLODGETT, District Judge. I think the facts in this case clearly show a valid judgment in favor of Eldridge, and against the bankrupt, and a valid lien under the execution at the time of the commencement of the proceedings in bankruptcy.

There is no evidence of fraud or preference in the obtaining of the judgment and execution, and the delay in making the levy did not defeat the lien which the statute of Illinois gives against the goods of a defendant in execution from the time the writ comes into the hands of the sheriff.

The execution then being a valid lien on the goods of the bankrupt, must be first paid in full out of the proceeds of the goods in the hands of the assignee, as this court, in disposing of the proceeds, must respect, in the order of their priority, all liens and incumbrances on the assets from which such proceeds were derived.

It is not the purpose of the bankrupt act to defeat valid liens or even advantages which creditors have obtained by their superior vigilance or sagacity, unless there is evidence of fraud or some direct contravention of the positive prohibitions of the law.

Evidently this execution was a valid lien on the goods, as against Weeks, and his assignee, under the facts in this case, is in no better position than the bankrupt himself would have been.

The order will therefore be that the execution be paid in full by the assignee.

Consult Fitch v. McGie [Case No. 4,835], and cases there cited.